IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MUIR ENTERPRISES INC. d/b/a MUIR COPPER CANYON FARMS,<br><br>Plaintiff,<br><br>v.<br><br>DELI NATION LLC d/b/a JASON'S DELI, DELI PLANET INC., DELI PLANET LLC, CLIVE BRAD PUSEY, COREY W. SANDBERG, MICHAEL T. FLYNN, JAMES T. MEADOWS<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STATING MATERIAL FACTS NOT IN DISPUTE**<br><br>Case No. 2:12-cv-00120-DN<br><br>District Judge David Nuffer |

Introduction ........................................................................................................................ 2

Undisputed Facts ................................................................................................................ 4

Discussion .......................................................................................................................... 9

A.     Summary Judgment Standard .................................................................................. 9

B.     Application of the Perishable Agricultural Commodities Act to Restaurants ................. 10

C.     The Purchaser's Identity is a Disputed Issue of Material Fact ........................................ 14

       1.     The Credit Application ...................................................................................... 15

       2.     Payments for Produce ........................................................................................ 17

       3.     Delivery Invoices .............................................................................................. 19

       4.     Entity Filings and Interim Management Agreement ........................................... 19

D.     Was Deli Nation LLC a Purchaser or Payment Agent? ..................................................... 19

Order ................................................................................................................................ 20

## INTRODUCTION

Plaintiff Muir Enterprises Inc. brought this action to recover a $117,993.99 balance owed for produce sold and delivered between May 3, 2011, and September 26, 2011.[1] The deliveries were made to four restaurants which are now closed: Deli Nation of Layton LLC, Deli Nation of Gateway LLC, Deli Nation of Orem LLC, and Deli Nation of Fashion Plaza LLC (the "DN Restaurants").

Plaintiff seeks recovery under the Perishable Agricultural Commodities Act ("PACA"),[2] which creates a statutory trust on behalf of produce sellers and permits them to pursue assets of that trust to secure payment.[3] Though the produce was delivered to the DN Restaurants, Plaintiff claims that the produce was purchased by another entity, Deli Nation LLC, which subjected itself to the trust provisions of PACA by purchasing produce on behalf of the DN Restaurants.[4]

Defendants Deli Planet LLC and Deli Planet Inc. allegedly acquired the assets of the DN Restaurants and Deli Nation LLC after the produce sales.[5] Plaintiff claims that Deli Planet LLC and Deli Planet Inc. thereby acquired assets of the statutory trust, assets from which Plaintiff is entitled to seek payment for the produce delivered to the DN Restaurants.[6]

---

[1] First Amended Complaint at 3, ¶¶ 6–7, docket no. 47, filed October 1, 2012.

[2] 7 U.S.C. § 499a–t (2012).

[3] *Id.* § 499e(c).

[4] Plaintiff's Opposition to Defendants Deli Planet Inc., Deli Planet LLC, Michael T. Flynn, James T. Meadows, and Cory Sandberg's Motion for Summary Judgment or in the Alternative to Dismiss for Lack of Subject Matter Jurisdiction (Opposing Memorandum) at 2–3, docket no. 65, filed April 16, 2013.

[5] First Amended Complaint at 4, ¶¶ 10–11, docket no. 47, filed October 1, 2012.

[6] *Id.*

Michael T. Flynn and James T. Meadows are alleged to be officers of Deli Planet LLC and Deli Planet Inc. who mismanaged the trust assets.[7] Cory W. Sandberg and Clive B. Pusey are alleged to have been officers of Deli Nation LLC and the DN Restaurants who did the same.[8]

Plaintiff voluntarily dismissed the DN Restaurants[9] and secured a certificate of default against Deli Nation LLC.[10]

Defendants Deli Planet Inc., Deli Planet LLC, Michael T. Flynn, James T. Meadows, and Cory W. Sandberg moved for summary judgment or to dismiss for lack of subject matter jurisdiction.[11] Defendants deny that Plaintiff is entitled to the protections afforded by PACA, claiming that neither Deli Nation LLC nor any one of the DN Restaurants purchased a sufficient quantity of produce from Plaintiff to make the provisions of the Act applicable. As Defendants interpret PACA, purchases made by a restaurant will trigger PACA's trust provisions only if more than $230,000 worth of produce is purchased by the restaurant in a year.[12] Plaintiff cannot show, according to Defendants, that any DN Restaurant purchased such a large quantity of produce from Plaintiff in any year.[13]

---

[7] *Id.* at 7–8, ¶¶ 27–36.

[8] *Id.* at 5–6, ¶¶ 17–26.

[9] Notice of Rule 41(a) Dismissal without Prejudice of Claims against Deli Nation of Orem LLC, Deli Nation of Layton LLC, and Deli Nation of Gateway LLC, docket no. 78, filed September 16, 2013; Notice of Rule 41(a) Dismissal without Prejudice of Claims against Deli Nation of Fashion Plaza LLC, docket no. 79, filed September 16, 2013.

[10] Second Entry of Default against Deli Nation LLC, docket no. 81, filed September 17, 2013.

[11] Defendants Deli Planet Inc., Deli Planet LLC, Michael T. Flynn, James T. Meadows, and Cory Sandberg's Motion for Summary Judgment or in the Alternative to Dismiss for Lack of Subject Matter Jurisdiction (Summary Judgment Motion), docket no. 63, filed March 20, 2013.

[12] Defendants Deli Planet Inc., Deli Planet LLC, Michael T. Flynn, James T. Meadows, and Cory Sandberg's Reply in Support of the Motion for Summary Judgment or in the Alternative to Dismiss for Lack of Subject Matter Jurisdiction (Reply Memorandum) at 6–7, docket no. 70, filed May 14, 2013.

[13] Summary Judgment Motion at 2, docket no. 63, filed March 20, 2013.

Further, Defendants deny that Deli Nation LLC purchased produce from Plaintiff at all, claiming instead that Deli Nation LLC merely provided administrative support to the DN Restaurants.[14]

As a result, Defendants claim they are entitled to judgment as a matter of law because the trust provisions of PACA are not implicated. Because subject matter jurisdiction is predicated upon a statutory grant to enforce PACA's trust provisions,[15] summary judgment in favor of Defendants would deprive the court of subject matter jurisdiction.

Review of the memoranda filed on the motion shows that summary judgment is not appropriate. Defendants are correct that purchases of produce by a restaurant will not trigger the trust provisions of PACA unless that restaurant purchases more than $230,000 worth of produce in a year. However, whether Deli Nation LLC made the relevant purchases on behalf of the DN Restaurants is a material fact that remains in dispute.

## UNDISPUTED FACTS

Pursuant to Federal Rule of Civil Procedure 56(g), the following facts are found to be not genuinely in dispute and are established in the case:

1.      Deli Nation of Layton LLC, Deli Nation of Gateway LLC, Deli Nation of Orem LLC, and Deli Nation of Fashion Plaza LLC ("DN Restaurants") were restaurants.[16]

2.      At all relevant times, Plaintiff is and was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof and is and was licensed as a dealer under the Perishable Agricultural Commodities Act ("PACA").[17]

---

[14] Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

[15] 7 U.S.C. § 499e(c)(5).

[16] Summary Judgment Motion at 4, docket no. 63, filed March 20, 2013; Opposing Memorandum at 6, docket no. 65, filed April 16, 2013.

3.       A credit application dated April 12, 2005, and signed by Clive B. Pusey was

submitted to Plaintiff.[18] An attachment to the application was printed on Deli Nation LLC

letterhead and lists Morris A. Pusey, Clive B. Pusey, and M. Kent Foote as "Principals."[19] The

address listed for Deli Nation LLC on the attachment is 610 East South Temple #10, Salt Lake

City, UT 84102.[20]

4.       Before 2009, at least eight payments to Plaintiff for produce delivered to the DN

Restaurants were made on checks written from a single account in the name of Deli Nation

LLC.[21] Those checks listed the address of Deli Nation LLC as 610 East South Temple #10, Salt

Lake City, UT 84102.[22]

5.       After 2009, two payments to Plaintiff for produce delivered to the DN Restaurants

were made on checks – dated 2/25/2010 and 6/17/2011 – written from the same account in the

name of Deli Nation LLC.[23] The address for Deli Nation LLC listed on those checks is 41 North

Rio Grande, Suite 103, Salt Lake City, UT 84101.[24]

6.       After 2009, additional payments to Plaintiff for produce delivered to the DN

Restaurants were made with an American Express credit account issued in the name of Clive B.

---

[17] Opposing Memorandum at 6, docket no. 65, filed April 16, 2013. Defendants' Reply Memorandum did not address this additional fact.

[18] *Id.*; Reply Memorandum at 5, docket no. 70, filed May 14, 2013.

[19] Opposing Memorandum at 6, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013; Reply Memorandum at 5, docket no. 70, filed May 14, 2013.

[20] Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[21] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, ¶ 14, docket no. 65, filed April 16, 2013; Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

[22] Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

[23] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013; Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

[24] Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

Pusey.[25] The billing address for that account is 41 N. Rio Grande St., Salt Lake City, UT

84101.[26]

      7.     In each year from 2008 to 2011, the purchases of produce from Plaintiff to be

delivered to the DN Restaurants were worth, in aggregate, over $230,000.[27]

      8.     On multiple occasions – including March 14, 2008, May 29, 2010, and May 28,

2011 – over one ton of produce was purchased from Plaintiff, in aggregate, in a single day to be

delivered to the DN Restaurants.[28]

      9.     The DN Restaurants accepted delivery of the produce from Plaintiff.[29]

      10.    From May 3, 2011, to September 26, 2011, Plaintiff sold produce in the amount

of $117,993.99 in interstate commerce or contemplation thereof to be delivered to the DN

Restaurants, all of which remains unpaid.[30]

      11.    Plaintiff timely delivered invoices to Deli Nation LLC or the DN Restaurants that

contained the language required under PACA, 7 U.S.C. §499e(c)(4).[31]

      12.    Plaintiff's invoices for produce delivered to the DN Restaurants between May

2011 and January 2012 include both a "Bill To" and "Ship To" address.[32] The "Ship To" address

---

[25] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 6, docket no. 65, filed April 16, 2013; Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

[26] Declaration of Philip Muir, Exhibit 6, docket no. 65, filed April 16, 2013.

[27] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 4, docket no. 65, filed April 16, 2013. Defendants' Reply Memorandum did not address this additional fact.

[28] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 3, docket no. 65, filed April 16, 2013. Defendants' Reply Memorandum did not address this additional fact.

[29] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Reply Memorandum at 4, docket no. 70, May 14, 2013.

[30] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 7 & 8, docket no. 65, filed April 16, 2013. Defendants' Reply Memorandum did not address this additional fact.

[31] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 8, docket no. 65, filed April 16, 2013. Defendants' Reply Memorandum did not address this additional fact.

[32] Declaration of Philip Muir, Exhibit 8, docket no. 65, filed April 16, 2013.

varies and reflects the location of individual DN Restaurants to which the produce is being delivered.[33] The "Bill To" address is always 41 North Rio Grande St. #103, Salt Lake City, UT 84101.[34]

13.     Each of the invoices Plaintiff sent to Deli Nation LLC or the DN Restaurants contained the contractual terms that Plaintiff is owed interest on all outstanding invoices at 1.5% per month plus all collection costs, including reasonable attorneys' fees incurred by Plaintiff in collecting the debt owed.[35]

14.     The Nevada filing for Deli Nation LLC, formed in June of 2004, states that Kent M. Foote, Clive B. Pusey, and Morris A. Pusey are its officers. Kent M Foote is its registered agent.[36]

15.     The Utah filing for Deli Nation LLC, formed in August of 2007, states that Clive B. Pusey and Cory W. Sandberg are its officers and Clive B. Pusey is its registered agent.[37] The address of the LLC and of its registered agent is 610 E. South Temple, Ste 10, Salt Lake City, UT 84054-3309.[38]

16.     The Utah filing for Deli Nation of Gateway LLC, formed in January of 2007, states that Clive B. Pusey is its sole officer and Mark Duffin is its registered agent.[39] The address

---

[33] *Id.*

[34] *Id.*

[35] *Id.*; Opposing Memorandum at 7, docket no. 65, filed April 16, 2013.

[36] Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "A": Amended Affidavit of Cory Sandberg, Exhibit 1, docket no. 71, filed May 14, 2013.

[37] *Id.*

[38] *Id.*

[39] *Id.*

of the LLC is 178 S. Rio Grande St., Ste. 100, Salt Lake City, UT 84101-1687.[40] The address of its registered agent is 41 N. Rio Grande St., Ste. 103, Salt Lake City, UT 84101-1385.[41]

17.     The Utah filing for Deli Nation of Layton LLC, formed in January of 2007, states that Clive B. Pusey is its only officer and Mark Duffin is its registered agent.[42] The address of the LLC and its registered agent is 41 N. Rio Grande St., Ste 103, Salt Lake City, UT 84101-1385.[43]

18.     The Utah filing for Deli Nation of Orem LLC, formed in June of 2006, states that Clive B. Pusey and Cory W. Sandberg are its officers and Mark Duffin is its registered agent.[44] The address of the LLC is 771 E. University Pkwy, Orem, UT 84097-7771. The address for its registered agent is 41 N. Rio Grande St., Ste. 103, Salt Lake City, UT 84101-1385.[45]

19.     The Utah filing for Deli Nation of Fashion Plaza LLC, formed in July of 2005, states that Clive B. Pusey and Corey Sandberg are its officers and Mark Duffin is its registered agent.[46] The address of both the LLC and its registered agent is 41 N. Rio Grande St., Ste. 103, Salt Lake City, UT 84101-1385.[47]

20.     The Interim Management Services Agreement between Deli Planet Inc., and Deli Nation LLC and the DN Restaurants – dated July 1, 2011 and amended and restated on September 26, 2011 – states that any communication to the owners of Deli Nation LLC and the DN Restaurants should be directed to the attention of Clive B. Pusey at Deli Nation LLC, 41 N.

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

Rio Grande, Suite 103, Salt Lake City, UT 84101.[48] An exhibit attached to that agreement

contains the same address as the location of Deli Nation LLC and its owner/operator.[49]

## DISCUSSION

### A.  Summary Judgment Standard

Defendants moved for summary judgment or, in the alternative, for dismissal for lack of

subject matter jurisdiction. This court must "convert a Rule 12(b)(1) motion to dismiss into a

Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the

jurisdictional question is intertwined with the merits of the case. The jurisdictional question is

intertwined with the merits of the case if subject matter jurisdiction is dependent on the same

statute which provides the substantive claim in the case."[50] Because jurisdiction in this case

depends on the same statute that provides Plaintiff's substantive claim, Defendants' motion –

whether intended as a challenge to jurisdiction, the merits, or both – is properly evaluated as a

summary judgment motion.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."[51] A factual dispute is genuine when

"there is sufficient evidence on each side so that a rational trier of fact could resolve the issue

either way."[52] In determining whether there is a genuine dispute as to material fact, the court

should "view the factual record and draw all reasonable inferences therefrom most favorably to

the nonmovant."[53]

---

[48] Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "B": Interim Management Services Agreement, docket no. 71, filed May 14, 2013.

[49] *Id.*

[50] *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citation omitted).

[51] Fed. R. Civ. P. (56)(a).

[52] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)

[53] *Id.*

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[54] When, as in this case, the movant does not bear the ultimate burden of persuasion at trial, it can make such a prima facie demonstration by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."[55] If the moving party carries this initial burden, the nonmovant "may not simply rest upon it pleadings," but must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[56]

### B.  Application of the Perishable Agricultural Commodities Act to Restaurants

The parties disagree as to the interpretation of The Perishable Agricultural Commodities Act ("PACA").[57] While they agree that restaurants may be subject to PACA,[58] they disagree about when PACA applies to restaurants. Defendants claim that a restaurant is subject to PACA only if the restaurant purchases at least $230,000 worth of perishable agricultural commodities over the course of a year. Plaintiff claims that a restaurant may be subject to PACA even if it purchases less. This decision holds that a restaurant may be subject to PACA only if it purchases at least $230,000 worth of perishable agricultural commodities in a single year.

PACA was enacted by Congress in 1930 to provide "protection of the producers of perishable agricultural products—most of whom must entrust their products to a buyer or commission merchant who may be thousands of miles away, and depend for their payment upon

---

[54] *Id.* at 670–71.

[55] *Id.* at 671.

[56] *Id.*

[57] 7 U.S.C. §§ 499a–t (2012).

[58] Summary Judgment Motion at 4, docket no. 63, filed March 20, 2013; Opposing Memorandum at 9, docket no. 65, filed April 16, 2013.

his business acumen and fair dealing."[59] In 1984, Congress acted to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities"[60] by requiring regulated entities to maintain a trust sufficient to reimburse unpaid sellers.[61] The trust may consist of the perishable commodities themselves, products derived from the perishable commodities, and proceeds from the sale of the commodities.[62] An unpaid seller can bring an action in federal court to enforce payment from the trust.[63]

PACA imposes the obligation to maintain such a trust on any "commission merchant, dealer, or broker."[64] The dispute between the parties concerns the term 'dealer.' PACA initially defines 'dealer' to include "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce . . . ."[65] Regulations issued by the Department of Agriculture define 'wholesale or jobbing quantities' to mean "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received."[66]

There are three exceptions to this initial definition of 'dealer.'[67] The parties disagree as to one exception. The other two exceptions are not in dispute and are not relevant in this case. The disputed exception states that "no person buying any such [perishable agricultural] commodity

---

[59] *In re Kornblum & Co., Inc.*, 81 F.3d 280, 283 (2d Cir. 1996).

[60] H.R. Rep. 98-543, at 3 (1983), *reprinted in* U.S.C.C.A.N. 405, 405.

[61] 7 U.S.C. § 499e(c)(2).

[62] *Id*.

[63] *Id.* § 499e(5).

[64] *Id.* § 499(e)

[65] *Id.* § 499a(b)(6).

[66] 7 C.F.R. § 46.2 (2012).

[67] 7 U.S.C. § 499a(b)(6).

solely for sale at retail shall be considered as a 'dealer' until the invoice costs of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000 . . . ."[68] As a result, a party who buys produce solely for sale at retail will be subject to the trust provisions of PACA only if the party purchases at least $230,000 worth of produce in a year.

The parties disagree as to whether this exception (requiring purchase in excess of $230,000) is applicable to restaurants. Defendants assert, and Plaintiff denies, that restaurants buy produce "solely for sale at retail."[69] According to Plaintiff, restaurants do not buy produce solely for sale at retail because they buy produce to be used as *ingredients* in the creation of *other products* – sandwiches, soups, etc. – which are then sold at retail.[70] Plaintiff claims that a "plain reading of the statute" requires that produce is purchased solely for sale at retail only if what is sold at retail is produce.[71] On Plaintiff's view, restaurants that meet the initial definition of 'dealer' are subject to the PACA trust provisions even if they buy less than $230,000 of produce in a year.[72] Defendants, on the hand, claim that restaurants are selling solely at retail because they purchase produce to create meals that are sold at retail.[73] On Defendant's view, restaurants are subject to the PACA trust provisions only if they meet the initial definition of 'dealer' and purchase in excess of $230,000 of produce in a year.[74] Defendants are correct.

Under Plaintiff's reading, a grocer who meets the initial definition of 'dealer' and purchases produce for direct resale to the public would be purchasing solely for sale at retail. If

---

[68] *Id.*

[69] Summary Judgment Motion at 5, docket no. 63, filed March 20, 2013; Opposing Memorandum at 10, docket no. 65, filed April 16, 2013.

[70] Opposing Memorandum at 10, docket no. 65, filed April 16, 2013.

[71] *Id.* at 11.

[72] *Id.*

[73] Reply Memorandum at 7, docket no. 70, filed May 14, 2013.

[74] *Id.*

the grocer purchased only $100,000 worth of produce over the course of the year, the grocer would not be covered by PACA's trust provisions. Restaurants, on the other hand, would be treated differently because they process the produce into meals. A restaurant that purchased precisely the same produce at exactly the same cost over the course of the year would be subject to PACA's trust provisions. There is no reason to believe that Congress intended to regulate restaurants more closely than it regulates grocers. Plaintiff's interpretation does not, as Plaintiff claims, follow from the plain language of the statute. PACA states that "no person buying any such [perishable agricultural commodity] solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000 . . . ."[75] Nothing in that language – or elsewhere in the statute – suggests that purchasing produce solely for sale at retail requires that what is sold at retail is produce. It is at least as natural to read the language as distinguishing between parties who purchase perishable agricultural commodities for retail sales, without regard to whether what is eventually sold is produce, and parties who purchase such commodities for sale at wholesale. The distinction is between those who sell something at retail and those who do not. While only four courts have directly addressed this question, three of those four courts reached the result, consistent with this opinion, that restaurants purchase produce solely for sale at retail.[76]

---

[75] 7 U.S.C. § 499a(b)(6) (2012).

[76] *Fresh Pick NY Inc. v. Dover Gourmet Corp.*, 12-CV-662 JFB ARL, 2013 WL 4777323, at *4 (E.D.N.Y. Sept. 5, 2013) (holding that "[u]nder the plain meaning of the statute, restaurants are exempt from the definition of dealer if they purchase less than $230,000 of produce in any calendar year, regardless of whether they sell the produce in unaltered form or use the produce to make food"); *Bix Produce Co., LLC v. Bilimbi Bay Minnesota, LLC*, CIV. 05-1914 (DWF/SRN), 2006 WL 2067837, at *5 (D. Minn. July 24, 2006) (holding that "the amount of perishable agricultural commodities a restaurant purchases per year must be considered when determining whether a restaurant is a dealer under PACA and that only restaurants purchasing more than $230,000 a year fall within the parameters of PACA"); *J. Ambrogi Food Distribution v. Top Dog Am.'s Bar & Grille of PA, Inc.*, CIV.A.05-337, 2005 WL 1655891, at *4 (E.D. Pa. July 14, 2005) (holding that "the monetary amount of agricultural commodities purchased by a restaurant in a given year must be considered in conjunction with the physical weight of produce purchased in determining whether a restaurant is considered a dealer under PACA"). *But see In re Reservoir Dogs, Inc.*, 00 C 7264, 2001 WL 1846860, at *3 (N.D. Ill. Sept. 27, 2001) *vacated sub nom. on other grounds Sysco Food Serv.,*

In order for any one of the DN Restaurants to be subject to PACA, as dealers purchasing produce "solely for sale at retail," Plaintiff must show the restaurant purchased more than $230,000 in a single year. Plaintiff's complaint alleges that the "DN Companies [including the DN Restaurants] . . . were purchasers of wholesale quantities of produce subject to the trust provisions to the [sic] PACA."[77] Defendants claim that the DN Restaurants are not subject to PACA's trust provisions because no one of the restaurants purchased in excess of $230,000 worth of produce in a year from Plaintiff.[78] Plaintiff does not argue in its opposition to summary judgment that any one of the DN Restaurants purchased in excess of $230,000 worth of produce in a year.[79] Plaintiff claims instead that the threshold does not apply to restaurants.[80] This decision holds otherwise. None of the DN Restaurants are subject to PACA's trust provisions because no one of the restaurants purchased in excess of $230,000 of produce in a year.

### C.  The Purchaser's Identity is a Disputed Issue of Material Fact

The identity of the purchaser of the produce is a material fact in dispute. Plaintiff claims that produce delivered to the DN Restaurants was actually purchased by Deli Nation LLC – not the individual DN Restaurants – and that Deli Nation LLC is subject to PACA's trust provisions.[81] Defendants deny that the purchases were made by Deli Nation LLC.[82] Plaintiff has provided evidence that if the purchases were made by Deli Nation LLC, they would be

---

*Chicago, Inc. v. Reservoir Dogs, Inc.*, 01-3823, 2002 WL 32963984 (7th Cir. Apr. 15, 2002) (holding that restaurants do not purchase produce solely for sale at retail because they sell meals, not produce, at retail).

[77] First Amended Complaint at 2, ¶4(a), docket no. 47, filed October 1, 2012.

[78] Motion for Summary Judgment at 5, docket no. 63, filed March 20, 2013.

[79] Opposing Memorandum at 11, docket no. 65, filed April 16, 2013 (claiming that "[t]he individual DN Restaurants were not the produce purchasers").

[80] *Id.*

[81] Opposing Memorandum, docket no. 65, filed April 16, 2013.

[82] Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

sufficiently large to trigger the trust provisions of PACA.[83] Defendants do not dispute that evidence. As a result, whether Deli Nation LLC made the purchases is a material fact. Because there is a genuine dispute as to the identity of the purchaser, summary judgment is not appropriate. This section discusses that conflicting evidence.

To support the claim that Deli Nation LLC purchased the produce, Plaintiff cites: (1) an otherwise blank 2005 credit application signed by Clive B. Pusey and submitted to Plaintiff with an attachment on Deli Nation LLC letterhead; (2) payments for deliveries of produce to the DN Restaurant made from two accounts, one of which is a checking account in the name of Deli Nation LLC; and (3) invoices for deliveries to the DN Restaurants. In response, Defendants argue that each of the DN Restaurants is a distinct LLC and Deli Nation LLC is not their parent. In support of that claim, defendants cite: the state filings for Deli Nation LLC and each of the DN Restaurants; and an agreement between Deli Planet Inc., Deli Nation LLC, and the DN Restaurants.

### 1.  The Credit Application

Plaintiff relies on a credit application dated April 12, 2005.[84] The application is blank but for the signature of Clive B. Pusey.[85] An attachment to the application is on Deli Nation LLC letterhead and lists the officers of that LLC – including Clive B. Pusey – as principals.[86] The address on the Deli Nation LLC letterhead is the Salt Lake City address that is on checks issued from a Deli Nation LLC account in payment for produce deliveries to the DN Restaurants prior

---

[83] Declaration of Philip Muir, Exhibit 3 & 4, docket no. 65, filed April 16, 2013.

[84] Opposing Memorandum at 6, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[85] Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[86] Id.

to 2009.[87] Finally, no other credit agreement governed the relationship between the Plaintiff and the DN Restaurants.[88]

Defendants argue that because the credit application is blank, it is unclear which entity is applying for credit and whether any agreement based on the application would be enforceable.[89] Defendants also argue that the application is irrelevant to the purchases at issue here because there is no reason to think that any credit agreement based on the 2005 application was still in effect at the time of the 2011 purchases and because the DN Restaurants were not even formed as LLCs until after the credit application was submitted to Plaintiff.[90] As a result, Defendants claim, there is no reason to believe that any credit agreement reached on the basis of the 2005 application was ever intended to apply to deliveries to the DN Restaurants, much less to deliveries six years later.[91]

The credit application is largely but not entirely blank. It includes the signature of Clive B. Pusey – a Deli Nation LLC officer – and an attachment on Deli Nation LLC letterhead listing the officers of Deli Nation LLC as "Principals."[92] Contrary to Defendants' claim, the application does suggest which party was trying to secure credit in 2005. The credit application provides evidence that Plaintiff was contracting with Deli Nation LLC for produce deliveries in 2005. The first DN Restaurant – Deli Nation of Fashion Plaza LLC – was formed only three months after the 2005 credit application was submitted.[93] The fact that Plaintiff never required the DN

---

[87] *Id.*; Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

[88] Reply Memorandum at 5, docket no. 70, filed May 14, 2013.

[89] *Id.*

[90] *Id.*

[91] *Id.*

[92] Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[93] Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "A": Amended Affidavit of Cory Sandberg, Exhibit 1, docket no. 71, filed May 14, 2013.

Restaurants to submit their own credit applications suggests that Plaintiff, at least, believed that Deli Nation LLC was purchasing produce on behalf of the DN Restaurants. Defendants do not suggest any reason why Deli Nation LLC might be applying for credit to purchase produce if not to make purchases on behalf of the DN Restaurants. Though it is true that any agreement reached on the basis of the application may not have been in effect in 2011, the application provides some evidence that the initial arrangement between Plaintiff and Deli Nation LLC was for the latter to purchase produce on behalf of the DN Restaurants.

### 2.   Payments for Produce

Plaintiff claims that prior to 2009, payments for deliveries to the DN Restaurants were made on checks written from a Deli Nation LLC account.[94] After 2009, Plaintiff claims that all but two payments for deliveries to the DN Restaurants were made on a credit account in the name of Clive B. Pusey.[95] The remaining two payments after 2009 were made on checks issued from a Deli Nation LLC account.[96]

According to Defendants, payment from these two accounts merely reflects that Deli Nation LLC provided "administrative support to the delis by processing payment on invoices that it had received from the individual restaurants."[97] Whether the arrangement between Deli Nation LLC and the DN Restaurants merely reflects "administrative support" is a factual question that cannot be resolved on summary judgment.

---

[94] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, ¶ 14, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

[95] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, ¶ 15, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 6, docket no. 65, filed April 16, 2013.

[96] Opposing Memorandum at 7, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

[97] Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

Defendants also note that the credit account from which payments were made after 2009 was a private account in the name of Clive B. Pusey, not in the name of Deli Nation LLC.[98] Finally, Defendants concede that the two checks issued after 2009 from a Deli Nation LLC account in payment for deliveries to the DN Restaurants are "possible exception[s]" to their claim that "there is no evidence supporting Plaintiff's contention that Deli Nation, LLC paid [for] produce shipments made to the individual deli restaurants."[99] However, Clive B. Pusey signed the 2005 credit application,[100] is listed on the attachment to that application on Deli Nation LLC letterhead as a "Principal,"[101] and is an officer of Deli Nation LLC.[102] Further, the billing address listed on the credit account is the same address listed on the two checks issued from a Deli Nation LLC account after 2009 in payment for deliveries to the DN Restaurants.[103] Though it is a private account in the name of Clive B. Pusey, payments for deliveries to the DN Restaurants from this single account – particularly in light of the 2005 credit application and the payments from a Deli Nation LLC checking account for deliveries to the DN Restaurants – provide some evidence that Deli Nation LLC purchased produce to be delivered to the DN Restaurants.

---

[98] *Id.*

[99] *Id.*

[100] Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[101] *Id.*

[102] Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "A": Amended Affidavit of Cory Sandberg, Exhibit 1, docket no. 71, filed May 14, 2013.

[103] Declaration of Philip Muir, Exhibit 6, docket no. 65, filed April 16, 2013; Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

### 3.   Delivery Invoices

Plaintiff submitted representative invoices for deliveries to the DN Restaurants.[104] Those

invoices have a common billing address, regardless of the address of the restaurant.[105] That

address is the billing address on the credit account from which payments for deliveries to the DN

Restaurants were made after 2009.[106] That same address is on the two checks issued from a Deli

Nation LLC account after 2009.[107] While the invoices are somewhat ambiguous as to the party

being billed – billing to, for instance, "Jason's Deli (Layton), Deli Nation"[108] – the invoices

provide some evidence that Deli Nation LLC was billed for all deliveries to the DN Restaurants.

### 4.   Entity Filings and Interim Management Agreement

Defendants appeal to the state filings forming each of the LLCs and an Interim

Management Services Agreement between Deli Planet Inc. and the DN Restaurants as evidence

that the DN Restaurants are distinct entities and Deli Nation LLC is not their parent.[109] In doing

so, Defendants are responding directly to Plaintiff's allegation that Deli Nation LLC was the

parent of the DN Restaurants.[110] However, Deli Nation LLC need not be the parent entity of the

DN Restaurants to incur obligations under PACA. If Deli Nation LLC is buying produce on

behalf of the DN Restaurants, it is nevertheless buying produce for purposes of PACA.

### D.  Was Deli Nation LLC a Purchaser or Payment Agent?

---

[104] Declaration of Philip Muir, Exhibit 8, docket no. 65, filed April 16, 2013.

[105] *Id.*

[106] *Id.*; Declaration of Philip Muir, Exhibit 2, docket no. 65, filed April 16, 2013.

[107] Declaration of Philip Muir, Exhibit 5, docket no. 65, filed April 16, 2013.

[108] Declaration of Philip Muir, Exhibit 8, docket no. 65, filed April 16, 2013.

[109] Reply Memorandum at 3–4, docket no. 70, filed May 14, 2013; Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "A": Amended Affidavit of Cory Sandberg, Exhibit 1, docket no. 71, filed May 14, 2013; Appendix to Reply in Support of Motion for Summary Judgment, Exhibit "B": Interim Management Services Agreement, docket no. 71, filed May 14, 2013.

[110] Opposing Memorandum at 2–3, docket no. 65, filed April 16, 2013.

Defendants deny that Deli Nation LLC purchased produce at all, even if only on behalf of the DN Restaurants.[111] Deli Nation LLC, according to Defendants, merely acted as administrative support in processing payment. Whether Deli Nation LLC merely acted as administrative support for the DN Restaurants is a material question of fact that cannot be resolved on summary judgment. Depending upon the details of Deli Nation LLC's involvement in payment, the distinction between processing payment for the DN Restaurants and purchasing produce on their behalf may be a distinction without a difference. PACA's object – assisting produce sellers in securing payment – would be frustrated if a party can escape its obligations under PACA by "choos[ing] to erect a corporate structure where any upstream entity is not directly 'buying' produce (but paying invoices); and, at the same time, that same entity is shielded from liability because it is not a 'dealer' since it is not involved in the commercial exchange of actual produce."[112]

Summary judgment in favor of Defendants is not appropriate. A reasonable finder of fact could conclude from the undisputed evidence that Deli Nation LLC purchased the produce to be delivered to the DN Restaurants. This appears to be the only issue that may need to be tried.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED.[113]

IT IS FURTHER ORDERED that the facts found as undisputed in this motion shall be treated as established in this case.

---

[111] Reply Memorandum at 4, docket no. 70, filed May 14, 2013.

[112] *Freshpack Produce, Inc. v. VM Wellington LLC*, No. 12–CV–3157–WJM–MJW, 2013 WL 50433, at *6 (D. Colo. Jan. 3, 2013).

[113] Summary Judgment Motion, docket no. 63, filed March 20, 2013.

IT IS FURTHER ORDER that the parties shall meet, confer and on or before February 28, 2014, file an attorney's planning meeting report with an attached proposed scheduling order, and email the proposed scheduling order in word processing format to ipt@utd.uscourts.gov.


Signed February 7, 2014.

BY THE COURT

_____

District Judge David Nuffer